Justice Ford
delivered the opinion of the court.
There was a written agreement between the defendants residing in Philadelphia, of one part, and Levensworth and *138 Peterson of the other part, whereby L. and P. agreed to make a certain canal at South river, for the sum of six thousand dollars; by the same agreement they were to be furnished with machines at the expense of the defendants, for excavating the canal by horse power; the defendants were to pay them for procuring materials and workmen to build the machines, besides three dollars a day for superintending the construction of them, the payments to be made to L. and P., from time to time, as the constructing of the machines progressed. L. and P. drew orders on the defendants in Philadelphia, from time to time, for materials procured and expenses incurred about the construction of said machines, which drafts were duly paid, till at length Levensworth failed and absconded, and Peterson took the benefit of the act as an insolvent debtor, leaving an account for lumber which had been furnished by the plaintiffs for these machines entirely unpaid. This action is brought by the plaintiffs against the defendants for the value of that lumber so furnished to L. and P., and used in the construction of said machines. It appeared that L. and P. requested an advance of funds for building the machines, but in lieu of that the defendants agreed to give a letter of introduction to the inhabitants, and Robert Imlay gave it in a letter to George Combs, who afterwards lent iti to Imlay on his promises to return it by Mr. Woods, which promise he never fulfilled. After Mr. Combs had parted with the-letter, a subpcena duces tecum was served upon him, but he could not *bring it, and the court refused parol evidence of the contents because there was no notice to the defendants to produce it. It further appeared that L. and P. procured lumber for these machines of Jacob R. Hardenbergh, for the amount of whose bill they gave him a draft on the defendants which they duly paid. The jury found a verdict for the amount of the plaintiff’s account by consent, but under an agreement that judgment should be for the *139 defendants if the Supreme Court should be of opinion, upon the whole case, that the plaintiffs were not entitled by law to recover.
It appears in the first place, that the plaintiffs were no party to the special agreement between the defendants and Levensworth and Peterson, and therefore can found no action for themselves upon it. It is a general rule that no person can maintain an action on an agreement to which he is not a party. Esp. N. P. 105. Thus in the case of Jordan v. Jordan, Cro. Eliz. 369, the defendant promised the sheriff if he would forbear to arrest him on a writ which he had against him at the suit of the plaintiff, that ho would appear at the return of it or pay the debt. On failing to do either, the plaintiff sued him on the agreement; but the court arrested the judgment, because he declared on a promise to the sheriff and not to himself. This rule is fully established where the agreement is inter partes, in Co. Lit. 231, a; 2 Inst. 673; Crow v. Rogers, 1 Stra. 592; 1 Vent. 6, and the cases collected in 1 Chit. Plead. 4. If one were allowed to sue on a contract to which he was no party, he ought, according to all the rules of mutuality and equity, to be suable on it also, otherwise, one party would be bound and the other free. Levensworth and Petersom wmre bound to construct the machines, and the defendants to pay them for the materials, workmanship and superintendence. If a third person can sue for the materials, under this agrfeement to pay Levensworth and Peterson, he ought to be liable also to the covenant for constructing the machines; but to make the plaintiffs liable for an agreement they never entered into, would be to bind them without their consent; so the defendants were bound by the agreement to pay Levensworth and Peterson, and to oblige them to pay the plaintiffs, with whom they had no agreement, would force them to a contract against their consent. Suppose the defendants had paid.the *money to Levensworth and Peterson for this very *140 lumber, and they had squandered it, or become insolvent without paying it over, must the defendants be . twice charged for it under this agreement ? If they have paid once, they are exonerated by the agreement, and if they have not, they remain suable by Levensworth and Peterson, and payment to a third person without their request, of money owing to them, would be no defence under this agreement. They are bound to pay Levensworth and Peterson what they may actually and bona fide expend in constructing the machines, but not to be security for their contracts with third persons. There is certainly no such thing in the agreement, and if we force it in by construction, we enable Levensworth and Peterson to bind them by contracts to an unlimited extent; which is the very thing the defendants seem to have meant to guard themselves against, and they had a right to provide for their own safety. I think it clear, therefore, that the plaintiffs can" have no action under this agreement.
But the action is not in fact founded on the agreement; it is brought on" an implied assumpsit for lumber sold and delivered to the use of the defendants at their request; and as it manifestly went into machines belonging to the defendants so it as manifestly went to their use. But this alone does not render them liable. If tools are sold to a builder to build a house for A., or paint is sold to him to paint it, and glass to glaze it, and he apply them severally to A.’s use, it will not render A. liable unless they were delivered to the builder at A.’s request. The request contained in the common form of indebitatus assumpsit is substance, and must be proved as well as laid, 2 Saund. 350, n. 2. Direct 'evidence of a sale will be proof of a request, because a sale necessarily imports a contract, 2 Ter. Report 30. Thus a sale may be evidence of a request, or request may be evidence of a sale; but one or the other must be proved. It is all important to shew that the lumber delivered to Levensworth and Peterson was sold to these defendants, or *141 delivered at their request, and the plaintiffs have attempted to prove it in three ways; first, by a general agency in L. and P.; secondly, by a letter of credit, and, thirdly, by actually paying for machine lumber to other persons. First, the request of a general agent binds the principal as much as if he had made it himself, but the request of a *special agent does not, unless the making of it comes within the scope of his authority. He cannot bind his principal unless he has authority to do so; it all depends on the nature of the special authority. How this agreement invested Levensworth and Peterson with no general agency; such a thing cannot be pretended; it employed and made them agents to build certain machines, and so far they were such; but as to purchasing lumber or any other materials in the names of the defendants, it is not to be found in the agreement. Indeed the stipulation therein is exactly the contrary; that they shall pay Levensworth and Peterson for the materials and workmanship, thereby implying as strongly as possible, that they were to pay no body else. Under such express limitation in the agreement, it did not come within the scope of their authority to make contracts in the names of the defendants. Ho such trust was committed to them, and neither the court nor the jury can enlarge their powers. If the defendants did not deem it safe to give such power into the hands of strangers, but refused it, we cannot give it by act of law. We must take private powers as they are, without presuming to enlarge or abridge them. There is a cautious provision that the defendants shall be answerable to their agents only, and not even to them beyond materials actually used and work bona fide performed. These are the precise terms on which they were employed, as may he also conclusively inferred from.
Secondly, the letter of credit, improperly so called, though cited as evidence of an agency. Had this letter been withdrawn after the service of a dtoees teeum, it would have been in fraud of the subpoena, and refusing proof of the contents *142 might have been a just ground for a new trial. But the least enquiry would have shewn it in the hands of the defendants at the time the subpoena was served on Mr. Combs, and if the plaintiffs did or might have known it, and really wanted the letter, it was mere negligence in them not to serve notice on the defendants to produce it at the trial. The contents are no proof of agency because they are not in evidence. But it is in evidence that the application for an advance of funds was declined and all the defendants would give was a letter of introduction to the inhabitants, which is of a totally different nature from a letter of credit. Upon a general letter of credit they might have taken up *funds not only in advance, but to an unlimited amount. The application for, and refusal of, such a letter, shew that Levensworth and Peterson had no authority to pledge the credit of the defendants without it. In the third place, as to their paying Levensworth and Peterson, or their order, for lumber had of Jacob -R. Hardenbergh, for the machines, it is exactly the thing they bound themselves to do; but is no proof that they were bound to pay anybody but them. In every point of view the court ought to have instructed the jury upon this evidence, had it been submitted to the jury, that in point of law the plaintiffs had no right to recover.
Drake, J., concurred.
Ewing, C. J., dissented.
Let judgment be entered for the defendants.